UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10108-MEL

UNITED STATES OF AMERICA

v.

TREVIS J. CATRON

MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR DETENTION

April 22, 2004

COHEN, M.

The above-named defendant was arrested on the basis of an indictment

charging him with being a felon in possession of a firearm.  On the occasion of his first

appearance before this court, the government moved for pretrial detention on the

grounds of danger to the community and risk of flight.  After appointment of counsel,

the detention hearing was held on April 20, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not

impose a financial condition that results in the pretrial detention of the person." Thus, a

defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or

detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C.

3142(a).

Under ß3142(e), a defendant may be ordered detained pending trial if the

judicial officer finds by <u>clear and convincing</u> evidence, after a detention hearing under

the provisions of ß3142(f), "...that no condition or combination of conditions (set forth

under ß3142(b) or (c)) will reasonably assure the safety of any other person or the

community....", or if the judicial officer finds by a preponderance of the evidence, after a

detention hearing under the provisions of ß3142(f), "...that no condition or combination

of conditions (set forth under ß3142(b) or (c)) will reasonably assure the appearance of

the person as required ...".[1]

B.  The government is entitled to move for detention on grounds of danger to the

community in a case that--

(1) involves a crime of violence within the meaning of ß3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the

Controlled Substances Import and Export Act for which the punishment authorized is

imprisonment for ten years[2] or more; or

(4) involves any felony alleged to have been committed after the defendant has

been convicted of two or more crimes of violence, or of a crime, the punishment for

which is death or life imprisonment, or a ten year [or more] offense under the Controlled

Substances Act or the Controlled Substances Import and Export Act.

---

[1]    The distinction between the former and latter are made clear by the very language of Section  3142(f). In the last paragraph of that section, Congress has stated there must be clear and convincing evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the safety of any other person and the community...". (Last emphasis added).  By not requiring that same standard vis a vis an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence-- applies.  And that is precisely the holding in this and other Circuits.  See e.g., United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, 107 S.Ct. 562 (1986); United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985); United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

[2]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

Additionally, the government or the court <u>sua</u> <u>sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning--

   (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including--

   (i) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (ii) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider two <u>rebuttable</u> presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the <u>safety</u> of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of ß3156(a)(4) [or a state crime of violence within the

meaning of ß3156(a)(4) if the offense would have been a <u>federal</u> offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.

    <u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.

    Insofar as the latter "presumption" is applicable in assessing "risk of flight", the burden remains with the government to establish "...that no condition or combination of

conditions will reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under ß3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....".  The decision is an individualized one based on all relevant factors. See United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).[3]

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause, and triggers the applicability of the particular presumption.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d

---

[3]     The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, inter alia:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, Jessup, 757 F.2d at 387--to be considered along with other factors.

United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); see also, United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986);

United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v.

Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d

34, 37 (6th Cir. 1985).

     Moreover, one may be considered a danger to the community even in the

absence of a finding by clear and convincing evidence that the accused will engage in

physical violence. To the contrary, as noted by the Committee on the Judiciary (Report

of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress,

Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S.

962 (1980)(trafficking in controlled substances).[4]

     Finally, the presumptions are applicable if the judicial officer finds probable

cause to believe that the accused has committed one of the predicate offenses referred

---

[4]   A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D). That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is appropriate under that latter section. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

to above, even if the charge before the court does not involve that particular offense.

See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States

v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[5]

II.    The defendant is 30 years old, having been born in Boston in 1973.  He

currently resides in Roslindale with his girlfriend and his child by that girlfriend.[6]  His

parents, recently divorced, reside in Boston.  He is not married, but he has two

children.  He reports that, prior to his most recent incarceration by the state, he was

employed as a Plant Operator at Jetaway Trash Company in Roxbury.  He reports that

he is a casual user of marihuana, and reports no significant assets or liabilities.

The defendant has a significant prior criminal record, both juvenile and adult, the

details of which are set forth in the Pretrial Services Report.  Among other things, he

was convicted in the Suffolk County Superior Court on a charge of armed robbery in

1991, and was sentenced to imprisonment for five years.  In 1993, he was convicted on

charges of manufacturing a Class B substance and possession of a Class B substance

with intent to distribute, and was sentenced to imprisonment for one year.  In April of

1996, he was convicted on a number of firearms charges (possession of a firearm

without a serial number, illegal possession of ammunition, and illegal possession of a

---

[5]    In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding.  The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia.  This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute.  The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play. But a formal charge, as such, is only one method by which to give that fair notice.  For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery.  That is clearly fair notice.

Because of the nature of the charge in this case, none of the presumptions apply to this case.

[6]    He father another child by another woman.  That child does not live with him.

firearm), and was sentenced to imprisonment for one year.  In September of 1996, he

was convicted on charges of possession of a Class B substance and possession of a

Class D substance, those offenses having been committed while he was on bail in

connection with the firearms charges referred to above, and was sentenced to

probation.[7]  In February of 2002, a charge of possession of a Class D substance was

continued without a finding.[8]

III.   The record evidence before this court shows that on March 13, 2004,

Boston police officers responded to a report of a shooting.[9]  When they arrived at or

near the place referred to in that report in the early morning hours, the police officers

observed a car with the passenger door open.  The alighted from their vehicle and

approached the car with the door open.  As they approached, they smelled the odor of

a recently fired firearm - *i.e.*, gun powder - and observed the defendant and his

cousin.[10]  The officers directed both to lie on the street (or sidewalk, it is not clear

_____

[7]     He was found to have violated his conditions of probation in this case on or about April 8, 1998.

[8]     Additionally, a restraining order issued against the defendant in February of 2001.

[9]     There were no reports of injuries, and none were later determined to have occurred on account of the
reported gun shot(s).

[10]     At the detention hearing, Special Agent Lisa Rudnicki testified to an interview that she had with the
cousin.  Agent Rudnicki also testified that she testified before the grand jury and related the contents of that
interview.

Counsel for the defendant sought production of the grand jury minutes relating to her testimony, but those
minutes could not be produced for the simple reason that a transcript of those proceedings had not yet been
prepared by the reporter.  The defendant did not request a continuance of the detention hearing.

The defendant contended before this court that her client was denied due process of law for failure to
disclose those minutes.  Quite apart from the fact that the conclusions reached by this court have been reached
without any reference to that interview, the defendant's suggestion is without merit.  To be sure, the defendant is
entitled to *Jencks* Act material at a detention hearing.  But under the provisions of 18 U.S.C. ß 3500(b), *Jencks* Act
material refers to materials in the possession of the government, to wit:

(B) After a witness called by the United States has testified on direct examination, the
court shall, on motion of the defendant, order the United States to produce any statement (as
hereinafter defined) of the witness in the possession of the United States which relates to the
subject matter as to which the witness has testified. If the entire contents of any such statement
relate to the subject matter of the testimony of the witness, the court shall order it to be delivered

which) near the open passenger door.  As the defendant started to lie down, the officers heard a metallic sound, and then observed the defendant push an object underneath their car.  That metallic object was the.99 mm Bryco Arms Model: Jennings Nine Semi-Automatic pistol, with seven rounds chambered, and one round spent.

IV.   In the circumstances, this court finds and concludes that no condition or combination of conditions, short of pretrial detention, would reasonably assure the safety of the community.  The defendant has a criminal history which includes crimes of violence (armed robbery) and narcoticsí offenses (including manufacturing cocaine). Although there were no reported injuries, the discharge of a firearm in a public way is, as we all know, a disaster waiting to happen.  He was previously convicted on firearmsí charges.  Notwithstanding that, and notwithstanding the prohibition of any possession of firearms by those convicted of a felony, the defendant has demonstrated that he will continue to brandish, if not shoot, firearms in the future, all of which, it goes without saying, represents a clear and present danger to the community.

V.    IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private

---

directly to the defendant for his examination and use. (Emphasis added).

In this instance, through no fault of the attorney for the government, the transcript of those minutes had not yet been prepared by the official court reporter.  This court is aware of no case in which it was ruled a violation of the *Jencks* Act where the materials sought were not in the possession of the government, absent some showing (not made here) that the government affirmatively destroyed or otherwise concealed those materials.

consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.


_____
UNITED STATES MAGISTRATE JUDGE