UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10108-MEL

UNITED STATES OF AMERICA

v.

TREVIS J. CATRON

ORDER AND
<u>INITIAL STATUS REPORT</u>

June 7, 2004

COHEN, M.J.

An Initial Status Conference was held before this court on Friday, June 4, 2004, pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and/orders, to wit:

1. Discovery is not complete. The defendant requested additional time within which to complete review of discovery and to file discovery motions (if determined appropriate),[1] and that request was allowed subject to the excludable time order set forth below;

---

[1] A discovery request letter, if appropriate, must be filed on or before June 18, 2004, and discovery motions (if appropriate) shall be filed on or before July 8, 2004.

2. The defendant has not yet determined whether pretrial motions will be filed;[2]

3. In this court's view, this is not a case involving usual or complex issues for which an early joint conference of the district judge and the magistrate with counsel of record would be useful;

4. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except to the limited extent set forth herein;

5. This court finds and concludes, pursuant to the provisions of 18 U.S.C. ß3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice - *i.e.*, in this case, to provide the defendant additional time to complete review of discovery and file discovery motions (if otherwise appropriate) - outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment. Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. ß3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and

---

[2] Any and all dispositive motions shall be filed on or before Friday, July 30, 2004.

Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing Friday, June 4, 2004, and concluding Thursday, August 5, 2004, the date of the next conference as set forth below.[3]

6. Based upon prior orders of the Court, all parties agree that, at the time of the Initial Status Conference, there were 28 days of Excludable Time under the Speedy Trial Act;

7. **An Interim Status Conference has been scheduled for Thursday, August 5, 2004, at 2:00 p.m.   Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 166.5(C)(1) through (9) before the close of business, Tuesday, July 27, 2004**.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).