UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 04-10108-MEL |
| ) | |
| TREVIS CATRON ) | |

MOTION FOR RECONSIDERATION OF DETENTION ORDER

The defendant Trevis Catron respectfully moves this Court to reconsider its detention order in the above-captioned case. Counsel for the defendant submits that conditions of release can be fashioned which will assure the safety of the community at large.[1] Mr. Joseph Lomax, Mr. Catron's great uncle, will pledge the equity in his home at 30 Norfolk Street in Roxbury as bail for Mr. Catron. The home was recently appraised at a value of $285,000; Mr. Lomax has approximately $155,000 worth of equity in the home. As a further condition of release, the defendant proposes that he be electronically monitored at his residence at 91 Highcrest Road in Roslindale.

---

[1] In ordering the defendant's detention, this court concluded that no conditions could assure the safety of the community. Memorandum and Order of April 22, 2004 at p.9. Detention in this case appears not to have been predicated on Mr. Catron's being a flight risk.

1

The defendant is charged with violating 18 U.S.C. §922(g)(1).  Evidence at the detention hearing showed that the police came to Wayne Street in Roxbury shortly after 2:00 a.m. on March 13, 2004 in response to a call for shots having been fired.  When the officers got out of their car, they smelled gunpowder or, as described at the hearing, the smell of a freshly fired gun.  They saw two men, Trevis Catron and his cousin David Everett, standing on the sidewalk next to a Dodge Durango sport utility vehicle owned by Mr. Everett's mother. The Dodge was parked in front of the Everett residence at 18 Wayne St.  The police ordered both men to the ground.  According to Agent Lisa Rudnicki, who testified at the hearing, while Catron and Everett were getting onto the ground, Officer Brian Farrell saw Trevis Catron push a gun underneath the Dodge while lying on the ground.  Both Catron and Everett were taken into custody; Everett was interviewed and then released.

The defendant submits that the proposed release conditions of electronic monitoring and the posting of substantial bail will assure the safety of the community while this case is pending.  Mr. Catron was gainfully employed as a machine operator at Jet-A-Way, Inc. before his arrest.  Aside from the indictment in this case, the most recent criminal charges against Mr. Catron of a violent or inherently dangerous nature are somewhat remote,

dating back to 1995, when Mr. Catron was 22 years old.[2]  While the discharging of a firearm is serious conduct, the evidence that Mr. Catron fired the gun is not incontrovertible by any means.  In any event, electronic monitoring is a very effective means to assure that Mr. Catron is not in a position to pose a danger.

The defendant proposes that his fiancé, Cecelia Gaylor, act as his custodian.  They reside together at the Highcrest Road address and have been there for approximately five years.[3]  She is employed at Fidelity Investments as a senior administrative research assistant and has been there nearly 10 years.

---

[2]  Mr. Catron's CORI does show that he was charged with possession of marijuana in 2001 and possession of marijuana and cocaine in 1996.

[3]  Ms. Gaylor was interviewed by Pretrial Services in April, 2004.

CONCLUSION AND REQUEST FOR HEARING

    For the reasons set forth above, the defendant Trevis Catron asks this Court to vacate the order of detention in this case and to release him on conditions pending further proceedings.

                        Respectfully submitted

                        By his attorney,

                        /s/ Syrie D. Fried

                        _____
                        Syrie D. Fried
                           B.B.O. # 555815
                        Federal Defender Office
                        408 Atlantic Avenue, 3rd Floor
                        Boston, MA  02210
                        Tel: 617-223-8061