UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 04-10108-MEL |
| ) | |
| TREVIS CATRON ) | |

MOTION FOR REVIEW OF MAGISTRATE'S DETENTION ORDER

The defendant Trevis Catron respectfully moves this Court to vacate the detention order in the above-captioned case. The defendant makes this motion pursuant to 18 U.S.C. §3145(b). The detention order was entered by Magistrate Judge Lawrence P. Cohen on April 22, 2004. The magistrate judge erred in determining that there was no combination of conditions short of pretrial detention which would reasonably assure the safety of the community.

The Alleged Facts And The Magistrate's Ruling

The indictment charges Trevis Catron with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). At the detention hearing before Magistrate Cohen, ATF Agent Lisa Rudnicki testified.[1] Her testimony summarized a conversation she had with Boston Police Department Officer Brian Smigielski, one of the officers who arrested Catron on the morning of March 13,

---

[1] The transcript of her testimony is on file with the clerk of the court and is docketed at docket entry no. 13.

2004.  In sum, Smigielski told Rudnicki that he and his partner Officer Brian Farrell were called to the Wayne Street area in Dorchester for shots having been fired.  When they got to Wayne Street they saw two men standing on the sidewalk next to a Dodge Durango sport utility vehicle.  The police got out of their car, drew their weapons and approached the men, ordering them to get down on the ground.  Smigielski told Rudnicki that when he and Farrell got out of their car, they smelled gunpowder.

After the police ordered the men down, Smigielski went to the front of the Durango while Farrell circled to the back of the car.  According to Rudnicki, Smigielski said that at that moment, Farrell saw Trevis Catron put a gun on the pavement underneath the Durango as he was getting onto the ground himself, in compliance with Smigielski's order to get down.  Both of the men who were next to the Durango, Trevis Catron and his cousin David Everett, were taken into custody and transported to a police station.

Rudnicki also testified about an interview she had with David Everett.[2]  Everett told her that he, Catron and some other family members had been at a nightclub earlier in the evening and that there had been an argument at the club involving Lisa Everett, David's sister.  After the group returned to the Everett

---

[2] Everett was also at the police station after being arrested for this incident.

home on Wayne Street, Catron went outside for a moment and then came back in.  During this time, a single gunshot was heard by people in the house.  Everett and Catron then went outside the house to the Durango to retrieve some things they had left in the car.  While they were at the car, the police came up on them and ordered them down onto the ground.  Everett purportedly told Rudnicki that while he and Catron were next to the Durango, he heard something metal hit the pavement and saw Catron slide something underneath the vehicle.  Police recovered a Bryco handgun underneath the Durango.  On searching the area, they also found a shell casing on the front porch of 18 Wayne Street.

I.  THE DEFENDANT CAN ABIDE BY CONDITIONS OF RELEASE WHICH WILL ASSURE THE SAFETY OF THE COMMUNITY.

Counsel for the defendant submits that conditions of release can be fashioned which will assure the safety of the community at large.[3]  Mr. Joseph Lomax, Mr. Catron's great uncle, will pledge the equity in his home at 30 Norfolk Street in Roxbury as bail for Mr. Catron.  The home was recently appraised at a value of $285,000; Mr. Lomax has approximately $155,000 worth of equity in the home.  As a further condition of release, the defendant proposes that he be electronically monitored at his residence at

---

[3] In ordering the defendant's detention, the magistrate judge concluded that no conditions could assure the safety of the community.  Memorandum and Order of April 22, 2004 at p.9.  The order is docketed at docket entry no. 8.  Detention in this case was not predicated on Mr. Catron's being a flight risk.

91 Highcrest Road in Roslindale. Mr. Catron proposes that his fiancé, Cecelia Gaylor, act as his custodian. They have resided together at the Highcrest Road address for approximately five years.[4] She is employed at Fidelity Investments as a senior administrative research assistant and has been employed there nearly 10 years. Before his arrest, Mr. Catron was gainfully employed as a machine operator at Jet-A-Way, Inc.

Mr. Catron has Type II diabetes. Before his incarceration in March, his doctors' orders were for him to take two types of insulin 4 times per day: Lantus, a slow-acting medication taken once a day, and Humolog, a quick-acting insulin taken early in the morning and fifteen minutes before each meal. Mr. Catron was being treated at the Massachusetts General Hospital clinic on Staniford Street in Boston. In jail, Mr. Catron is not being adequately treated for his disease; he is given both types of insulin only once a day. He had an episode of light-headedness because of low blood sugar during the first week of October and had to be administered medication to raise his blood sugar. Moreover, the jail infirmary is sometimes not able to measure his blood sugar because of inadequate supplies of test strips.

Aside from the indictment in this case, the most recent criminal charges against Mr. Catron of a violent or inherently

---

[4] Ms. Gaylor was interviewed by Pretrial Services in April, 2004.

4

dangerous nature are somewhat remote, dating back to 1995, when Mr. Catron was 22 years old.[5]  It is fairly clear that the magistrate judge based the detention order in part on his belief that Mr. Catron actually discharged a firearm before being apprehended.[6]  At a further hearing, Mr. Catron is prepared if necessary to rebut the evidence relied on by the government at the initial hearing on this point.  In any event, electronic monitoring is a very effective means to assure that Mr. Catron is not in a position to pose a danger.

The defendant submits that the proposed release conditions of electronic monitoring and the posting of substantial bail will assure the safety of the community while this case is pending.

---

[5]  Mr. Catron's CORI does show that he was charged with possession of marijuana in 2001 and possession of marijuana and cocaine in 1996.

[6]  Memorandum and Order on Detention at p.9.

## CONCLUSION AND REQUEST FOR HEARING

For the reasons set forth above, the defendant Trevis Catron asks this Court to vacate the order of detention in this case and to release him on conditions pending further proceedings.

                                    Respectfully submitted
                                    By his attorney,

                                    _____
                                    Syrie D. Fried
                                    /s/ Syrie D. Fried
                                        B.B.O. # 555815
                                    Federal Defender Office
                                    408 Atlantic Avenue, 3rd Floor
                                    Boston, MA  02110
                                    Tel: 617-223-8061