UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
        v.               )    CRIM. NO. 04-10108-MEL
                         )
                         )
TREVIS CATRON            )

MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF THE DEFENDANT'S PRIOR CONVICTIONS

The defendant Trevis Catron respectfully moves in limine for a ruling prohibiting the government from eliciting evidence of his prior criminal convictions for possession of a firearm without a license, possession of ammunition, and possession of a firearm with an obliterated serial number[1] should he elect to testify in his defense at trial in this case. The defendant makes this motion pursuant to F.R.E.s 609(a)(1) and 403. It is submitted that Mr. Catron's convictions for these offenses are far more prejudicial than they are probative of his possible untruthfulness and therefore should not be admitted for the purpose of attacking his credibility. These convictions are for offenses which are similar to the charged offense in this case, namely being a felon in possession of a firearm. There is a very serious danger that a jury, on hearing of Catron's prior

---

[1] The defendant was convicted of these offenses in the Dorchester District Court, docket # 9007 CR 8535, on May 16, 1996.

convictions for gun-related crimes, will presume that he is guilty of the gun possession charge in this case.

Under F.R.E. 609(a)(1), the trial court must determine that the probative value of a defendant's prior conviction to an accurate assessment of his credibility outweighs the prejudicial impact of admitting the conviction before the prior conviction is admissible. In cases where the prior conviction is for an offense similar in nature to the charged offense, the prejudicial impact of the conviction almost always overwhelms its probative value with respect to credibility:

> We have recognized the prejudice that results from admitting evidence of a similar offense under Rule 609:
>
>> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

United States v. Sanders, 964 F.2d 295, 297-298 (4th Cir. 1992), quoting United States v. Beahm, 664 F.2d 414, 418-419 (4th Cir. 1981). In Sanders, the court reversed the defendant's conviction for assault with a dangerous weapon after the trial judge allowed the prosecution to impeach him with a prior conviction for assault. Similarly, In Beahm, the defendant's convictions for taking indecent liberties with a child were reversed because the

trial court allowed the defendant to be impeached on cross examination with prior sex offense convictions.

The reasoning in Sanders and Beahm fully applies to the facts of this case. The prejudicial impact of Catron's gun and ammunition possession convictions far outweighs any value they may have in helping the jury to evaluate Catron's credibility as a witness. See also United States v. Footman, 33 F.Supp.2d 60, 62-63 (D.Mass. 1998); United States v. Maisonneuve, 954 F.Supp. 114, 117 (D.Vt. 1997) (both barring impeachment of defendant with convictions for offenses of a similar character to offense charged). Therefore the defendant moves that any reference to these convictions be barred.

                                        Respectfully submitted,

                                        By His Attorney

                                        Syrie D. Fried
                                        /s/ Syrie D. Fried
                                            B.B.O. # 555815
                                        Federal Defender Office
                                        408 Atlantic Avenue, 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061