IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>  v.                      )   CRIMINAL NO. 04-10108-MEL<br>)<br>TREVIS J. CATRON           ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR MISCELLANEOUS RELIEF

The United States of America, by United States Attorney Michael J. Sullivan and Assistant U.S. Attorney James J. McGovern, files this Opposition to Defendant's Motion For Miscellaneous Relief. This motion should be denied without a hearing.

A criminal defendant is not entitled, as a matter of right, to an evidentiary hearing on every motion that he chooses to file. United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996). "A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." Id. at 603. "To make this showing the defendant must allege facts, sufficiently definite, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." Id.

Here, the defendant has failed to meet this standard. In his motion, the defendant requests an evidentiary hearing to

determine the admissibility of a statement made by his cousin, David Everett.  In seeking to introduce this statement provided to defense counsel and defense counsel's investigator, Everett purportedly[1] asserts that he was the possessor of the firearm at issue in this case, as opposed to the defendant.  The defendant seeks to introduce this hearsay statement because he anticipates that David Everett will assert his Fifth Amendment privilege if called to testify.  Thus, the defendant avers, as the declarant of the statement is unavailable, the statement is admissible as a statement against penal interest pursuant to Fed. R. Evid 804(b)(3).  The defendant, however, has utterly failed to identify any evidence tending to corroborate the trustworthiness of the statement.  Indeed, there exists no such credible corroborating evidence.  Accordingly, the defendant has failed to even assert the necessary factual basis required to entitle him to a hearing on his motion.

Rule 804(b)(3) of the Fed. R. Evid. provides in part: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused **is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement** ". In this case, no corroborating circumstances exist to establish the trustworthiness of the so-called

---

[1] The government has not been provided with a copy of this statement.

"confession" of a third-party, the defendant's first cousin, David Everett. Indeed, the evidence in this case will establish that the two arresting Boston police officers observed the firearm in question in the hand of the defendant, Trevis Catron, not Mr. Everett. In addition, the statement given by Everett to the ATF agent shortly after Catron's arrest is dramatically inapposite to the allegations set forth in his written statement recently given to defense counsel and her investigator.

As was keenly noted by Justice Boudin in the case of <u>United States v. Mackey</u>, 117 F.3d 24,29(1st Cir.1997):

> The underlying concern, of course, is that one criminal can make out-of-court statements exculpating another and then rather easily claim the privilege when the government seeks to cross-examine him to discredit the statement. The proviso, in insisting on corroborating circumstances, is an effort to adjust the balance. We have said that the requirement for corroboration is not unrealistically severe but does go "beyond minimal corroboration" and that the district court has "a substantial degree of discretion in making this important finding on trustworthiness."

<u>United States v. Barrett</u>, 539 F.2d 244, 253 (1st Cir.1976). Clearly, given the necessary and justifiable requirements of Rule 804(b)(3) the Motion should be denied since the defendant cannot meet his burden of producing corroborating circumstances that clearly indicate the trustworthiness of Everett's statement. The strictures of Rule 804(b)(3) cannot be satisfied by a showing of speculative possibilities, but, rather, demand meaningful

3

corroboration of proffered testimony. See <u>United States v. Mackey</u>, <u>Id.</u>

**WHEREFORE**, the Defendant's Motion for should be DENIED without a hearing.

```
                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

                          /s/ James J. McGovern
                     By: _____
                          JAMES J. MCGOVERN
                          Assistant U.S. Attorney
08/15/05
```