# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

# DO NOT SCAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | NO. 04-10108-MEL |
| TREVIS J. CATRON | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorney William

H. Connolly and James J. McGovern, hereby submit, pursuant to Fed. R. Crim. P. 30, its request

for jury instructions in the above-captioned case. The United States also requests leave to file

additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ James J. McGovern
JAMES J. MCGOVERN
WILLIAM H. CONNOLLY
Assistant U.S. Attorneys

Date:   September 10, 2005

<u>**TABLE OF CONTENTS**</u>

<u>**Preliminary Instructions**</u>

**INSTRUCTION NO. 1**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**INSTRUCTION NO. 2**

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . 2

**INSTRUCTION NO. 3**

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . . . . . . . . . . . . . . . . 3

**INSTRUCTION NO. 4**

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . . . . . . . . . . . . . 4

**INSTRUCTION NO. 5**

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INSTRUCTION NO. 6**

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**INSTRUCTION NO. 7**

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**INSTRUCTION NO. 8**

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**INSTRUCTION NO. 9**

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Final Instructions**

**INSTRUCTION NO. 1**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . 14

**INSTRUCTION NO. 2**

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . . . 15

**INSTRUCTION NO. 3**

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . 17

**INSTRUCTION NO. 4**

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . 18

**INSTRUCTION NO. 5**

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**INSTRUCTION NO. 6**

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS
OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**INSTRUCTION NO. 7**

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**INSTRUCTION NO. 8**

EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**INSTRUCTION NO. 9**

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**INSTRUCTION NO. 10**

**COUNT I:   FELON IN POSSESSION OF A FIREARM**
           **18 U.S.C. § 922(g)(1)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**INSTRUCTION NO. 11**

PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**INSTRUCTION NO. 12**

POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**INSTRUCTION NO. 13**

FIREARM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**INSTRUCTION NO. 14**

KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

**INSTRUCTION NO. 15**

PROOF OF KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**INSTRUCTION NO. 16**

INTERSTATE COMMERCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

**INSTRUCTION NO. 17**

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

**INSTRUCTION NO. 18**

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

**INSTRUCTION NO. 19**

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

**INSTRUCTION NO. 20**

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**INSTRUCTION NO. 21**

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .39

# PRELIMINARY

# INSTRUCTIONS

**INSTRUCTION NO. 1**

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

1

**INSTRUCTION NO. 2**

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys William Connolly and James J. McGovern.  The defendant,Trevis Catron, is represented by Attorney Syrie Fried.

The defendant has been charged by the government with a violation of federal law.  He is charged with being a felon in possession of a firearm and ammunition.  These crimes are alleged to have occurred on or about March 14. 2004 in the Grove Hall section of Roxbury in ths District of Massachusetts.  The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing the crimes.  He is  presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

## INSTRUCTION NO. 3

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

The defendant has been charged by the government with violations of federal law.

Specifically, he has been charged as follows:

**COUNT I:**          **Felon in Possession of a Firearm;**

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.04 (1998).

# INSTRUCTION NO. 4

## EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the

4

objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

5

**INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

# INSTRUCTION NO. 6

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials,

7

and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

## INSTRUCTION NO. 7

### NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08(1998).

9

## INSTRUCTION NO. 8

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence

10

either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

**INSTRUCTION NO. 9**

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

# FINAL

# INSTRUCTIONS

**INSTRUCTION NO. 1**

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

14

## INSTRUCTION NO. 2

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, TREVIS CATRON, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that TREVIS CATRON is guilty of the crime or crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

15

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of TREVIS CATRON's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

**INSTRUCTION NO. 3**

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

TREVIS CATRON has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

## INSTRUCTION NO. 4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general

18

knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses.  You do not have to accept the testimony of any witness if you find the witness not believable.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000).

20

**INSTRUCTION NO. 6**

**CAUTIONARY AND LIMITING INSTRUCTIONS
AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.07 (1998).

## INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means

22

by which the allegations and charges of the government are brought before this court.  The

Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

**INSTRUCTION NO. 8**

**EXPERT TESTIMONY**

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, consider the factors that generally bear upon the credibility of a witness as well as the expert's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.06 (1998).

## INSTRUCTION NO. 9

## PUNISHMENT__

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

Fifth Circuit Pattern Jury Instructions (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 20.01 (5th ed. 2000).

## INSTRUCTION NO. 10

## COUNT I: FELON IN POSSESSION OF A FIREARM
## 18 U.S.C. § 922(g)(1)

Now let us turn to the specific charges in this case. Count I charges TREVIS CATRON

with

violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute

that provides that it is unlawful for any person who has been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year to possess any firearm in or affecting

commerce.

The Indictment reads as follows:

On or about March 13, 2004 at Boston, Massachusetts, in the District of Massachusetts,

## TREVIS CATRON

defendant  herein, after having previously been convicted in a court of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a .9 MM

BRYCO ARMS MODEL NINE SEMI-AUTOMATIC pistol, bearing serial number 1549243,

seven rounds of .9 MM caliber ammunition and one spent .9MM cartridge from said firearm, all

in violation of Title 18, United States Code, Section 922 (g) (1).ll in violation of Title 18, United

States Code, Section 922(g)(1).

In order to find the defendant guilty of Count I, you must be satisfied beyond a

reasonable doubt of the following three elements:

1.      That on or about March 13, 2004, TREVIS CATRON was a convicted felon, that

        is, that he was previously convicted in any court of a crime punishable by

        imprisonment for a term exceeding one year;

26

2.    That at any time on or about march 13, 2004, TREVIS CATRON knowingly

possessed a firearm; and

3.    That the firearm was connected to interstate commerce.

18 U.S.C. §922(g)(1); First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998); United

States v. Botelho, 71 F.3d 436, 439 (1st Cir. 1995).

## INSTRUCTION NO. 11

## PRIOR FELONY CONVICTION

The first element which the government must prove is that TREVIS CATRON was a convicted felon at the time of possession. You must be satisfied that he was convicted in anycourt of a crime punishable by imprisonment for a term exceeding one year, and that such conviction took place at a time before the time that it is alleged the defendant was in possession of a firearm. In this case, that means the conviction had to be before March 13, 2004  It does not matter whether the conviction was after a trial or after a plea of guilty, since both have the same consequences. The actual sentence imposed and, in particular, the actual length of any term of imprisonment, also do not matter. It is only necessary that the defendant was convicted of a crime for which he could have been sentenced to imprisonment for a term exceeding one year.In this case, the government and the defendant have stipulated that prior to March 13, 2004, the date of the alleged offense, TREVIS CATRON,  had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year. You may take that fact as proven.
The defendant has thus stipulated to the first element.

2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999); First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998)_____

28

# INSTRUCTION NO. 12

## POSSESSION

The second element the government must prove is that the defendant knowingly possessed a firearm. The term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession, including actual possession, constructive possession, and joint possession.

A person who has direct physical control of something on or around his person is in actual possession of it. That is, a person who physically holds a firearm or has it on his person is in actual possession of that firearm.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others. It is not necessary to prove ownership of the object.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25,29 (1st Cir. 1994)
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000)

29

## INSTRUCTION NO. 13

### FIREARM

The possession to which I have referred must be of a firearm.  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device.  The term "firearm" includes handguns, rifles, and shotguns.

18 U.S.C. §921(a)(3); <u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 4.06 (1998).

**INSTRUCTION NO. 14**

**KNOWLEDGE**

The government must also establish that the defendant was in <u>knowing</u> possession of the

firearm.  A firearm is possessed knowingly if it is possessed voluntarily and intentionally, not

because of mistake or accident.

This does not mean that the government must show that the defendant knew he was

violating the law or intended to violate the law by possessing a firearm.  To satisfy this

requirement, the government only needs to prove that the defendant knew he was in possession of

a firearm.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 4.06 (1998);
<u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997);
<u>United States v. Tracy</u>, 36 F.3d 187, 194-95 (1st Cir. 1994); <u>United States v. Field</u>, 39 F.3d 15, 17
(1st Cir. 1994); 1A Kevin F. O'Malley <u>et al.</u>, <u>Federal Jury Practice and Instructions</u>, § 17.04 (5th
ed. 2000).

31

**INSTRUCTION NO. 15**

**PROOF OF KNOWLEDGE**


Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

**INSTRUCTION NO. 16**

**INTERSTATE COMMERCE**

The third element that the government must prove is that the defendant's knowing possession of the firearm or ammunition was in or affecting commerce. This term simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition, it moved across a state line. Thus, if it is established that the firearm or ammunition was manufactured in a state other than Massachusetts and then was possessed by the defendant in Massachusetts, this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state and carried it into Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state lines, or that the firearm crossed state lines prior to the time that the defendant allegedly became convicted of a crime punishable by a term of imprisonment exceeding one year.

The government need not prove who did purchase the firearm or ammunition or how it arrived in Massachusetts. The shipment or transportation of the firearm or ammunition across state lines need not be connected to the charge in the indictment and need not have been in furtherance of any unlawful activity. It may be completely unrelated to the defendant.

33

All that is required is proof that the firearm or ammunition had traveled in interstate commerce by moving across a state line at any time prior to the defendant's alleged possession of it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.06 (1998);
Barrett v. United States, 423 U.S. 212, 224-25 (1976);
Scarborough v. United States, 431 U.S. 563, 566, 575-577 (1977);
United States v. Acosta, 67 F.3d 334, 340 (1st Cir. 1995);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995);
United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994).
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-50 (1999).

**INSTRUCTION NO. 17**

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998);

35

**INSTRUCTION NO. 18**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998);

36

## INSTRUCTION NO. 19

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998);

37

**INSTRUCTION NO. 20**

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998);

38

**INSTRUCTION NO. 21**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);

39