UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIM. NO. 04-10108-MEL |
| | ) | |
| | ) | |
| TREVIS CATRON | ) | |

## MOTION TO DISCHARGE SECURED BOND

The defendant Trevis Catron respectfully moves this Court to order that the bond posted in this case, which was secured by a mortgage on real property, be discharged.  In support of this motion, counsel states that trial proceedings in this case concluded on September 16, 2005.  The defendant Catron was acquitted of the charge against him and was ordered discharged by this Court.  Since there is no further jurisdiction over Mr. Catron in this matter and he has no further obligations to appear, the secured bond is no longer necessary.  Additionally, the government's retention of the mortgage surrendered by the defendant's surety is working a hardship on the surety and preventing him from the maintaining control of his financial assets.

For these reasons, counsel moves that the government be ordered to surrender any surety documents in its possession to undersigned counsel so that they may be returned to the

1

defendant's surety.[1]  In addition, counsel moves that if the mortgage in this case was recorded in the Suffolk County Registry of Deeds, that that mortgage by discharged and that the quitclaim deed be returned to counsel.[2]

                                      Respectfully submitted

                                      By his attorney,

                                      /s/ Syrie D. Fried
                                      Syrie D. Fried
                                          B.B.O. # 555815
                                      Federal Defender Office
                                      408 Atlantic Avenue, 3rd Floor
                                      Boston, MA  02210
                                      Tel: 617-223-8061

---

[1]  This would include a quitclaim deed in favor of the United States of America which was delivered to government counsel when the defendant was released from custody.

[2]  On information and belief, the quitclaim deed in the government's favor was not recorded but was instead retained in the custody of the United States of America.